# CV-05-420-MWL

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DARRYL J. JONES, JEREMY ALBRIGHT, ANTONIO BRYANT, SHANNON MORELAND,<br><br>        Plaintiffs,<br><br>vs.<br><br>GEIGER CORRECTIONS CENTER and LEON LONG,<br><br>        Defendants. | NO. CV-05-386-MWL<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION, DENYING CLASS CERTIFICATION, DENYING MOTION FOR APPOINTMENT OF COUNSEL, AND DIRECTING COMPLAINT BE SEVERED |

BEFORE THE COURT is a Response to the magistrate judge's Report and Recommendation to deny class certification and to sever the complaint. Only Plaintiff Shannon Moreland signed the Response in which he requests a District Court Judge preside over the remainder of this action. Plaintiff Moreland asserts the other plaintiffs "concur," and asks the court to grant their "Motion for Appointment of Counsel" (Ct. Rec. 2).

Plaintiff Moreland contends the appointment of counsel is necessary due to the complexities of a class action and the procedural problems of a multiple-plaintiff action. In the initial Motion, Plaintiffs asserted they had no legal training and class action complaints are too complex to initiate, litigate and resolve.

ORDER ADOPTING REPORT AND RECOMMENDATION . . . -- 1

This court has discretion to designate counsel pursuant to 28 U.S.C. §1915(e)(1) only under exceptional circumstances. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). Determining whether exceptional circumstances exist requires evaluating "the likelihood of success on the merits and plaintiff's ability to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id.* (citation omitted).

Plaintiff Shannon Moreland contends the issues in this action, which the Plaintiffs request proceed as a class action lawsuit, are complex; Plaintiff Moreland complains legal assistance is unavailable and law library time is limited. In light of the decision to sever the complaint, and to require Plaintiffs to proceed separately if they choose, the record does not reflect exceptional circumstances which warrant the appointment of counsel at this time.

For the reasons set forth by the magistrate judge, **IT IS ORDERED** the Report and Recommendation (Ct. Rec. 10) is **ADOPTED in its entirety.** **IT IS FURTHER ORDERED** Plaintiffs' Motion for Appointment of Counsel and for Class Action Certification (Ct. Rec. 2) is **DENIED.** This case will proceed before the magistrate judge, subject to objections as provided in the Local Rules for the Eastern District of Washington.

For the sake of administrative ease, the court will order that each Plaintiff's claim be severed from the claims of the others. Plaintiff Darryl J. Jones will proceed in this action, while the other three Plaintiffs will proceed in three separate civil actions to be opened by the District Court Executive. Each Plaintiff will proceed

ORDER ADOPTING REPORT AND RECOMMENDATION . . . -- 2

with his own action and will be solely responsible for his own action and his own filing fee.

The District Court Executive will be directed to assign each new action to the same judicial officer assigned to the instant action. The District Court Executive shall make appropriate adjustment in the assignment of civil cases to compensate for this reassignment.

According, **IT IS ORDERED**:

1. The claims of Plaintiffs Jeremy Albright, Antonio Bryant, and Shannon Moreland are severed from the claims of Plaintiff Darryl J. Jones;

2. Plaintiff Darryl J. Jones shall proceed as the sole Plaintiff in case No. CV-05-386-MWL; and

3. The District Court Executive is directed to:
   a. Open three separate civil actions for Plaintiffs Jeremy Albright, Antonio Bryant, and Shannon Moreland;
   b. Assign each action to the judicial officer to whom the instant case is assigned and make appropriate adjustment in the assignment of civil cases to compensate for such assignment;
   c. Place a copy of this Order, the complaint and the appropriate application to proceed *in forma pauperis* by a prisoner, in each of the three files opened for Plaintiffs Jeremy Albright, Antonio Bryant, and Shannon Moreland;
   d. Strike from the caption of each Plaintiff's complaint all Plaintiffs' names except the name of the individual

ORDER ADOPTING REPORT AND RECOMMENDATION . . . -- 3

```
 1                Plaintiff proceeding in the action; and
 2        e.   Send each Plaintiff an endorsed copy of his complaint
 3             bearing the amended caption and the case number
 4             assigned to his own individual action.
 5     IT IS SO ORDERED.  The District Court Executive shall enter this
 6  Order and forward copies to Plaintiffs Darryl J. Jones, Jeremy
 7  Albright, Antonio Bryant, and Shannon Moreland.
 8     DATED this      28th     day of December 2005.
```

                                                                             s/ Fred Van Sickle
                                                                             FRED VAN SICKLE
                                                                  UNITED STATES DISTRICT JUDGE

ORDER ADOPTING REPORT AND RECOMMENDATION . . . -- 4

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DARRYL J. JONES, JEREMY ALBRIGHT, ANTONIO BRYANT, SHANNON MORELAND,<br><br>          Plaintiffs,<br><br>  vs.<br><br>GEIGER CORRECTIONS CENTER and LEON LONG,<br><br>          Defendants. | NO.  CV-05-386-MWL<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION, DENYING CLASS CERTIFICATION, DENYING MOTION FOR APPOINTMENT OF COUNSEL, AND DIRECTING COMPLAINT BE SEVERED |

BEFORE THE COURT is a Response to the magistrate judge's Report and Recommendation to deny class certification and to sever the complaint.  Only Plaintiff Shannon Moreland signed the Response in which he requests a District Court Judge preside over the remainder of this action.  Plaintiff Moreland asserts the other plaintiffs "concur," and asks the court to grant their "Motion for Appointment of Counsel" (Ct. Rec. 2).

Plaintiff Moreland contends the appointment of counsel is necessary due to the complexities of a class action and the procedural problems of a multiple-plaintiff action.  In the initial Motion, Plaintiffs asserted they had no legal training and class action complaints are too complex to initiate, litigate and resolve.

ORDER ADOPTING REPORT AND RECOMMENDATION . . . -- 1

This court has discretion to designate counsel pursuant to 28 U.S.C. §1915(e)(1) only under exceptional circumstances. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). Determining whether exceptional circumstances exist requires evaluating "the likelihood of success on the merits and plaintiff's ability to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id.* (citation omitted).

Plaintiff Shannon Moreland contends the issues in this action, which the Plaintiffs request proceed as a class action lawsuit, are complex; Plaintiff Moreland complains legal assistance is unavailable and law library time is limited. In light of the decision to sever the complaint, and to require Plaintiffs to proceed separately if they choose, the record does not reflect exceptional circumstances which warrant the appointment of counsel at this time.

For the reasons set forth by the magistrate judge, **IT IS ORDERED** the Report and Recommendation (Ct. Rec. 10) is **ADOPTED in its entirety**. **IT IS FURTHER ORDERED** Plaintiffs' Motion for Appointment of Counsel and for Class Action Certification (Ct. Rec. 2) is **DENIED**. This case will proceed before the magistrate judge, subject to objections as provided in the Local Rules for the Eastern District of Washington.

For the sake of administrative ease, the court will order that each Plaintiff's claim be severed from the claims of the others. Plaintiff Darryl J. Jones will proceed in this action, while the other three Plaintiffs will proceed in three separate civil actions to be opened by the District Court Executive. Each Plaintiff will proceed

ORDER ADOPTING REPORT AND RECOMMENDATION . . . -- 2

with his own action and will be solely responsible for his own action and his own filing fee.

The District Court Executive will be directed to assign each new action to the same judicial officer assigned to the instant action. The District Court Executive shall make appropriate adjustment in the assignment of civil cases to compensate for this reassignment.

According, **IT IS ORDERED**:

1. The claims of Plaintiffs Jeremy Albright, Antonio Bryant, and Shannon Moreland are severed from the claims of Plaintiff Darryl J. Jones;

2. Plaintiff Darryl J. Jones shall proceed as the sole Plaintiff in case No. CV-05-386-MWL; and

3. The District Court Executive is directed to:

    a. Open three separate civil actions for Plaintiffs Jeremy Albright, Antonio Bryant, and Shannon Moreland;

    b. Assign each action to the judicial officer to whom the instant case is assigned and make appropriate adjustment in the assignment of civil cases to compensate for such assignment;

    c. Place a copy of this Order, the complaint and the appropriate application to proceed *in forma pauperis* by a prisoner, in each of the three files opened for Plaintiffs Jeremy Albright, Antonio Bryant, and Shannon Moreland;

    d. Strike from the caption of each Plaintiff's complaint all Plaintiffs' names except the name of the individual

ORDER ADOPTING REPORT AND RECOMMENDATION . . . -- 3

```
               Plaintiff proceeding in the action; and
     e.   Send each Plaintiff an endorsed copy of his complaint
          bearing the amended caption and the case number
          assigned to his own individual action.
```

**IT IS SO ORDERED.** The District Court Executive shall enter this Order and forward copies to Plaintiffs Darryl J. Jones, Jeremy Albright, Antonio Bryant, and Shannon Moreland.

**DATED** this____28th____day of December 2005.

```
               s/ Fred Van Sickle
              FRED VAN SICKLE
         UNITED STATES DISTRICT JUDGE
```

ORDER ADOPTING REPORT AND RECOMMENDATION . . . -- 4